UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARED T. GREINER as Personal
Representative of the Estate of Gary
Greiner,

      Plaintiff,

v.

COUNTY OF OCEANA, et al.,

      Defendants.

_____/

Case No. 1:19-cv-936

HON. JANET T. NEFF

## OPINION AND ORDER

On November 6, 2019, Plaintiff Jared T. Greiner, the Personal Representative of the Estate

of Gary Greiner, initiated this civil rights action, seeking money damages pursuant to 42 U.S.C.

§ 1983 and "the Eighth and Fourteenth Amendments to the United States Constitution" (Compl.

¶ 1, ECF No. 1 at PageID.1).  Plaintiff alleged Deliberate Indifference against Defendants Treven

Padilla and Brad Fritcher (Count I), Failure to Supervise/Train against County of Oceana (Count

II), "Custom or Practice of Tolerating the Violation of Federal Rights" against County of Oceana

(Count III), and Supervisory Liability against Defendants Craig Mast and Louis Herremans (Count

IV).  On December 13, 2019, this Court dismissed Plaintiff's claims in Counts II, III and IV (Order,

ECF No. 5).  On November 13, 2020, Defendants Padilla and Fritcher filed a motion for summary

judgment, arguing that they are entitled to qualified immunity on the deliberate indifference claim

against them in Count I (ECF No. 28).  The matter was referred to the Magistrate Judge, who

issued a Report and Recommendation (R&R) on June 28, 2021, recommending that this Court

grant their motion and dismiss Plaintiff's Complaint with prejudice (ECF No. 37).  The matter is

presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 38), to which Defendants filed a response (ECF No. 39). The Court denies the objections and issues this Opinion and Order and corresponding Judgment. *See* FED. R. CIV. P. 58.

## I.      STANDARD OF REVIEW

As a threshold matter, in arguing that the Magistrate Judge's analysis is "clearly erroneous and contrary to law" (Objs., ECF No. 38 at PageID.648-649, 652), Plaintiff describes the wrong standard for this Court's review of his objections. 28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges. In general, magistrate judges have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B). Plaintiff describes the standard for this Court's review of a magistrate judge's decision on a pretrial matter not dispositive of a party's claim or defense (Objs., ECF No. 38 at PageID.649). *See* 28 U.S.C. § 636(b)(1)(A) (instructing that courts reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law"); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a).

In contrast, on dispositive matters, the court's task is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." W.D. Mich. LCivR 72.3(b). To that end, an objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.* District courts need not provide de novo review of frivolous, general, or conclusive objections. *Weiler v. U.S. Dep't of Treasury-Internal Revenue Serv.*, No. 19-3729, 2020 WL 2528916, at *1 (6th Cir. Apr. 24, 2020) (Order); *Bell v. Huling*, 52 F.3d 324, at *1 (6th Cir. 1995); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff has made specific objections.  To the extent Plaintiff also attempts to "incorporate by reference" his briefing to the Magistrate Judge (Objs., ECF No. 38 at PageID.649), such attempt is misplaced.  "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."  *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citation omitted).

## II.     OBJECTIONS

In his objections, Plaintiff presents two issues for this Court's review:  whether the Court should allow him to amend his Complaint to add a new Fourth Amendment claim, and whether the Magistrate Judge erred in determining that Defendants Fritcher and Padilla are entitled to summary judgment (Objs., ECF No. 38 at PageID.648).

1.     New Fourth Amendment Claim

In his objections, Plaintiff argues that the Magistrate Judge erred in rejecting his argument that his deliberate indifference claim should be evaluated under the Fourth Amendment rather than the Fourteenth Amendment (Objs., ECF No. 38 at PageID.644).  Relying on *Aldini v. Johnson*, 609 F.3d 858, 867 (6th Cir. 2010), Plaintiff argues that based upon the decedent's "status as a free citizen who never had a probable cause hearing from the time he was initially seized until his death November 5th, his § 1983 claim is properly evaluated under the Fourth Amendment's objective reasonableness standard" (*id.* at PageID.650).  To that end, Plaintiff also asserts that this Court

should permit him to amend his Complaint "to allege a violation of 42 U.S.C. § 1983 under the Fourth Amendment" (*id.* at PageID.648).

Plaintiff's argument lacks merit.

Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself; therefore, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff brought his November 6, 2019 Complaint under "the Eighth and Fourteenth Amendments to the United States Constitution" (Compl. ¶ 1, ECF No. 1 at PageID.1), and he specifically alleged in support of his deliberate indifference claim in Count I that "[p]ursuant to the Eight[h] Amendment (through the Fourteenth Amendment) of the United States Constitution, at all times relevant, Plaintiff's Decedent had a right to be free from cruel and unusual punishment while a pretrial detainee under the custody and control of Defendants" (*id.* ¶ 64).

On December 13, 2019, this Court issued an Opinion explaining that "the Eighth Amendment itself does not apply to pretrial detainees such as Plaintiff's decedent," but "the Fourteenth Amendment grants analogous rights to adequate medical treatment to pretrial detainees" (ECF No. 4 at PageID.35, citing *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016), and *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)). This Court described in detail the two-pronged deliberate-indifference standard that applied to Plaintiff's claim (*id.* at PageID.35-36).

On December 30, 2020, in response to Defendants Fritcher and Padilla's motion for summary judgment, Plaintiff for the first time argued that Defendants were liable under the Fourth Amendment (Pl.'s Resp., ECF No. 35 at PageID.523-525). Plaintiff did not file a corresponding motion to amend his Complaint, nor did Plaintiff provide the Court or opposing counsel a copy of

4

any proposed amended pleading.  Plaintiff did not reference, let alone develop, any reason for his delay in raising the new claim.

The Magistrate Judge rejected Plaintiff's attempt to assert a new Fourth Amendment claim (R&R, ECF No. 37 at PageID.631).  The Magistrate Judge pointed out that Plaintiff had "never alleged a Fourth Amendment claim in his complaint," and the Magistrate Judge determined that a party is not entitled to amend his pleading through statements in his brief (*id.*).  Further, the Magistrate Judge pointed out that after the issuance of this Court's December 13, 2019 Opinion, the Sixth Circuit has "continued to affirm that the deliberate-indifference standard is applicable in cases such as this" (*id.* at PageID.632, citing *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 482 (6th Cir. 2020), and *Downard for Est. of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020)).

Plaintiff identifies no factual or legal error by the Magistrate Judge in her recommendation to reject Plaintiff's new Fourth Amendment claim.  Even assuming arguendo that Plaintiff's request is properly before the Court, the request is properly denied.  For the reasons set forth more fully by Defendants in their response (ECF No. 39 at PageID.673-678), Plaintiff has wholly failed to satisfy his burden to show justification for failing to move earlier to assert a Fourth Amendment claim, *see generally Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), and amending Plaintiff's Complaint at this late stage in the litigation would not only be futile but also result in substantial prejudice to Defendants.  For these reasons, the Court denies Plaintiff's objection, including the request for leave to amend his Complaint.

2.    Defendant Fritcher

"A defendant enjoys qualified immunity on summary judgment unless the facts alleged and the evidence produced, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established."  *Schulkers v. Kammer*, 955 F.3d 520, 532 (6th Cir. 2020) (citation omitted)).  The Magistrate Judge's qualified-immunity analysis in this case turned on the first prong and her determination that Plaintiff had not shown that Defendants' conduct caused a constitutional violation.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (indicating that courts have discretion to decide the order in which to evaluate the two prongs).

Defendants did not contest that Plaintiff could identify an objectively serious medical condition; therefore, the Magistrate Judge focused on the subjective prong of Plaintiff's deliberate indifference claim, to wit:  whether Plaintiff had shown that it was obvious that there was a "strong likelihood" the decedent would commit suicide (R&R, ECF No. 37 at PageID.635, quoting *Downard for Est. of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020)).  The Magistrate Judge analyzed the availability of immunity as to each Defendant individually, concluding that Plaintiff failed to create a genuine issue of fact that either Defendant Fritcher or Defendant Padilla ignored a substantial risk of harm to the decedent (*id.* at PageID.636-641). *See Wright v. City of Euclid, Ohio*, 962 F.3d 852, 865 (6th Cir. 2020) ("When more than one officer is involved, the court must consider each officer's entitlement to qualified immunity separately.") (quoting *Smith v. City of Troy*, 874 F.3d 938, 944 (6th Cir. 2017) (per curiam)).

In his objections, Plaintiff argues that the Magistrate Judge erred by concluding that Plaintiff failed to create a genuine issue of fact that Defendant Fritcher ignored a substantial risk of harm (Objs., ECF No. 38 at PageID.644, 652-653).  Specifically, Plaintiff argues that the

Magistrate Judge (1) "erred in the record by stating that Plaintiff [sic] never contemplated suicide"; and (2) "ignor[ed] the fact Defendant Fritcher failed to follow any of the Oceana [County]'s Policies and Procedures requiring him to follow the advice of the medical assessor Dawson" (*id.* at PageID.644-645, 652).

Plaintiff's argument mischaracterizes the Report and Recommendation.

First, the Magistrate Judge did not conclusively determine that the decedent "never contemplated suicide." In setting forth the factual background, the Magistrate Judge instead determined that the record indicated that during his booking into the Oceana County Jail, the decedent "reported that he had never contemplated or attempted suicide, but he said that he was presenting contemplating suicide" (R&R, ECF No. 37 at PageID.628). In analyzing the deliberate indifference claim against Defendant Fritcher, the Magistrate Judge similarly indicated:

> Deputy Young's medical assessment *does not* indicate, as Plaintiff asserts, that Greiner had contemplated suicide in connection with his recent mental health hospitalization. (ECF No. 35 at PageID.517.) Rather, it states that Greiner had been at Hackley Hospital for psychiatric care, but he had never contemplated or attempted suicide, although the form indicates he was contemplating it at the time of intake (but before Dawson's assessment on November 4). (ECF No. 29-13 at PageID.328.)

(*id.* at PageID.638-639 [emphasis in original]).

Second, the Magistrate Judge did not "ignore" the Oceana County Sheriff's Department's policies and procedures. The Magistrate Judge instead correctly pointed out that "a mere failure to comply with policies and protocols is not, by itself, sufficient to constitute deliberate indifference" (R&R, ECF No. 37 at PageID.636, citing *Stewart v. Warren Cty. Bd. of Comm'rs*, 821 F. App'x 564, 570 (6th Cir. 2020); *Nortley v. Mackie*, No. 1:16-cv-512, 2016 WL 3027202, at *2 (W.D. Mich. May 27, 2016)). *See also Davis v. Scherer*, 468 U.S. 183, 194 (1984) (government officials "do not lose their qualified immunity merely because their conduct violates

some statutory or administrative provision."); *Cooper v. Cty. of Washtenaw*, 222 F. App'x 459, 468 (6th Cir. 2007) ("A violation of internal policy does not ipso facto give rise to a presumption of unconstitutionality.") (citing *Davis, supra*); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992) ("To hold that cities with strict policies commit more constitutional violations than those with lax policies would be an unwarranted extension of the law ... [and] if adopted, would encourage all governments to adopt the least restrictive policies possible.").

In sum, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or her ultimate conclusion that Plaintiff's deliberate indifference claim against Defendant Fritcher is properly dismissed.

3.     Defendant Padilla

Plaintiff makes the same challenges to the Magistrate Judge's analysis of his claim against Defendant Padilla as he made in challenging the Magistrate Judge's analysis of his claim against Defendant Fritcher (Objs., ECF No. 38 at PageID.645, 653-655).  Plaintiff's argument fails for the reasons previously stated.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 38) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 37) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 28) is GRANTED for the reasons stated in the Report and Recommendation.

Dated:  September 23, 2021

                                            /s/ Janet T. Neff
                                            _____
                                            JANET T. NEFF
                                            United States District Judge